UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v.  : | Case No.: 1:22-cr-00310-APM-1 |
| : | |
| **COLLIN EDWARDS, et al.** : | |
| : | |
| **Defendant.** : | |

### MEMORANDUM IN SUPPORT OF DEFENDANT'S FEDERAL RULE 12(b)(3) MOTION AND REQUEST FOR A FRANKS HEARING

COMES NOW, the Defendant, COLLIN EDWARDS (hereinafter "Mr. Edwards" or "Defendant") by and through undersigned counsel, and submits this memorandum in support of his Federal Rule 12(b)(3) Motion and Request for a Franks Hearing.

### LEGAL STANDARD

The Fourth Amendment protects the "right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. Although the Fourth Amendment "contains no provision expressly precluding the use of evidence obtained in violation of its commands," Arizona v. Evans, 514 U.S. 1, 10 (1995), to deter violations of the Fourth Amendment, the Supreme Court established the exclusionary rule, Weeks v. United States, 232 U.S. 383, 398 (1914), which, "when applicable, forbids the use of improperly obtained evidence at [a criminal] trial." Herring v. United States, 555 U.S.135, 139 (2009); see also Lopez-Mendoza, 468 U.S. at 1040-41.

The Warrant Clause of the Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "These words are precise and clear." Stanford v. Texas, U.S. 476, 481 (1965). "They reflect the determination of

those who wrote the Bill of Rights that the people of this new Nation should forever be 'secure in their persons, houses, papers, and effects' from intrusion and seizure by officers acting under the unbridled authority of a general warrant." Id. (quoting U.S. Const. amend IV). And through their creation of the dual constitutional mandates of probable cause and particularity, the words of the Warrant Clause are meant to deny police the ability to "rummage at will" through a person's private matters. See Arizona v. Gant, 556 U.S. 332, 345 (2009); See also Coolidge v. New Hampshire, 403 U.S. 443, 467 (1971).

Search warrants must be supported by probable cause to satisfy the dictates of the Fourth Amendment. United States v. Harris, 403 U.S. 573, 577 (1971). The test for determining probable cause is whether the facts presented to a judicial officer establish a "substantial probability" that the items sought will be found at the target location. Illinois v. Gates, 462 U.S. 213 (1983). The determination of probable cause calls for a "practical commonsense" inquiry. Id. at 283. Probable cause is determined under a "totality of the circumstances" analysis. A judicial officer who is considering an application for a search warrant must decide "whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. Id. at 217. This standard is not defined by bright lines and rigid boundaries. Instead, the standard allows a magistrate judge to review the facts and circumstances as a whole and make a common-sense determination of whether "there is a fair probability that contraband or evidence of a crime will be found at a particular place." United States v. Grossman, 400 F.3d212, 217 (4th Cir. 2005). Evidence seized pursuant to a warrant lacking probable cause must be suppressed if exclusion of the evidence "will further the purposes of the exclusionary rule." United states v. Leon, 468 U.S. 897, 918 (1984).

When evaluating whether the magistrate had a substantial basis to find probable cause, courts "may not go beyond the information actually presented to the magistrate during the warrant application process." Owens ex rel. Owens v, Lott, 372 F.3d 267, 277 (4th Cir. 2004). The probable cause standard is well defined. A judge considering an application for a search warrant must determine whether, in light of all the circumstances described in the supporting affidavit, "there is a fair probability that contraband or evidence of a crime will be found in a particular place." Illinois v. Gates, 462 U.S. 213, 283 (1983). The affidavit thus "must demonstrate cause to believe" not only that an item of evidence "is likely to be found at the place to be searched," but also that there is "a nexus between the item to be seized and [the] criminal behavior" under investigation. United States v. Griffith, 867 F.3d 1265, 1271 (D.C. Cir. 2017) (quoting Groh v. Ramirez, 540 U.S. 551, 568 (2004); Warden, Md. Penitentiary v. Hayden, 387 U.S. 294, 307 (1967)).

A judge's decision to issue a search warrant, moreover, may not be "a mere ratification of the bare conclusions of others." Gates, 462U.S. at 239. Rather, an affidavit submitted in support of a warrant application must provide the judge "a substantial basis for determining the existence of probable cause" – i.e., it must supply "[s]ufficient information" to enable the judge to make independent findings on the necessary elements of the probable cause standard. Id. Only in that way can the judge "perform his 'neutral and detached' function and not serve merely as a rubber stamp for the police." Anguilar v. Texas, 387 U.S. 108, 111 (1964) (quoting Johnson v. United States, 333 U.S. 10, 14 (1948)).

A search warrant affidavit therefore "must contain adequate supporting facts about the underlying circumstances to show that probable cause exists for the issuance of the warrant." United States v. McPhearson, 469 F.3d 518, 524 (6th Cir. 2006) (internal quotation marks

omitted). The "particularized facts" and circumstances that must be set forth in the affidavit are essential to the judge's finding of "a fair probability that evidence of a crime will be located on the premises of the proposed search," Id. (internal quotation marks omitted), and "form the central basis of the [judge's independent] probable cause determination," United States v. Underwood, 725 F.3d 1076,1081 (9th Cir. 2013), thereby ensuring that any search authorized by a warrant "will be carefully tailored to its justifications, and will not take on the character of the wide-ranging exploratory searches the Framers intended to prohibit," Maryland v. Garrison, 480 U.S. 79,84 (1987). By contrast, an affidavit that states only "suspicions, beliefs, or conclusions, without providing some underlying factual circumstances regarding veracity, reliability, and basis of knowledge, is a 'bare bones' affidavit, and fails to establish probable cause." United States v. West, 520 F.3d 604, 610 (6th Cir. 2008) (internal quotation marks omitted).

  The particularity requirement – that a warrant "set out with particularity" the "scope of the authorized search," Kentucky v. King, 563 U.S. 452, 459 (2011) – "is closely tied to the requirement of probable cause," Griffith, 867 F.3d at 1275 (quoting 2 Wayne R. LaFave, Search & Seizure § 3.7(a) (5th ed. 2016)). It constrains law enforcement by "prevent[ing] the seizure of one thing under a warrant describing another," Marron v. United States, 275 U.S. 192, 196 (1927), and avoids the issuance of search warrants "on loose, vague [,] or doubtful bases of fact," Go-Bart Importing Co. v. United States, 282 U.S. 344, 357 (1931). With a properly particularized warrant, it is the issuing judge who decides "what is to be taken," and "nothing is left to the discretion of the officer executing [it]," making "general searches… impossible." Marron, 275 U.S. at 196.

**LEGAL ARGUMENT**

In the case at bar, the government offended the Fourth Amendment of the United States Constitution by issuing a warrant that lacked probable cause rendering the search and seizure of 1346 4th Street S.E. Apt 508, Washington, D.C., and the items within along with the search and seizure of Mr. Edwards, and the fruits from the executed search and seizure inadmissible at a trial. Specifically, on March 29, 2022, the government executed the search warrant on the above-mentioned location and person. The government seized twenty-six (26) items listed in the **Executed Search Warrant attached as Exhibit 1**. The items seized were pursuant to a search warrant not supported by probable cause. The search warrant application was fatally deficient because the government relied on false statements as a basis for probable cause in the Affidavit submitted in support of the search warrant. Additionally, the government failed to provide any information that the location to be searched was involved in illegal activity. Furthermore, the government failed to provide any information to support the governments statement that Mr. Edwards was connected with an ongoing narcotic trafficking investigation. The government merely stated in conclusory fashion that Mr. Edwards was a target in connection with an ongoing narcotic trafficking investigation. See the **Affidavit in Support of Search Warrant Application attached as Exhibit 2.**

> I. **The Affidavit in Support of Search Warrant Application relies on false and fraudulent statements as a basis for probable cause.**

Paragraph 5 of the Affidavit indicates that the above-mentioned apartment was leased by Omar Hayden who submitted an Ohio driver's license during the rental application process. Paragraph 9 of the Affidavit states, "Investigation by the FBI determined that the Ohio driver's license in the name of OMAR ELIJAH HAYDEN is fraudulent. No such license was ever issued

by that State. Additionally, the FBI was able to determine it appears that there is no one in the United States with the name OMAR ELIJAH HAYDEN and the date of birth September 10, 1983." However, a simple person's search on LexisNexis and social media establishes that OMAR E HAYDEN born in September 1983 is someone within the United States. **See LexisNexis people search and Instagram profile for Omar Hayden attached as Exhibit 3.**

Not only does the statement of probable cause within the Affidavit rely on false information, paragraph 10 of the Affidavit confirms that, "…to date, investigators are not certain who entered the management office and represented themselves to be "OMAR HAYDEN" to finalize the lease and collect the key." Thereby confirming that the government cannot rely on particular facts to establish any probable cause that the procurement of the above-mentioned apartment was completed through wire-fraud.

The government falsely states that no one with the name OMAR ELIJAH HAYDEN exists within the United States and the government confirms that they do not know who retrieved the keys from the leasing company to gain access to the apartment. Thus, the Affidavit contains such misstatements to establish a basis of probable cause for the issuance of the warrant that constitute a knowingly, intentionally, and/or in a reckless disregard for the truth. A warrant issued with reckless disregard for the truth must be voided along with the fruits if the search excluded from trial. See Franks v. Delaware, 438. U.S. 154, 155, 98 S. Ct. 2674, 2676 (1978).

### II. **The Affidavit in Support of Search Warrant Application relies on suspicions, beliefs, and conclusions which fail to establish probable cause.**

#### A. **The warrant itself is deficient to establish probable cause of ongoing criminal activity.**

The warrant application and affidavit provide that the warrant was for wire fraud committed by Omar Hayden using a fraudulent Driver's License and Application. The affidavit

admits that there is no evidence from the leasing company regarding Mr. Hayden until Mr. Lucas was trying to obtain a key. Certainly Mr. Lucas attempting to obtain keys 2 years later is insufficient evidence to establish a case for wire fraud. Assuming the facts in the affidavit as true, the gap in time is significant because it does not account for Mr. Lucas being a third party of this apartment procured by someone else pretending to be Mr. Hayden and permitting Mr. Lucas to reside in the apartment. There is no evidence that connects the procurement of the apartment by an unknown person to Mr. Lucas and Mr. Edwards occupying the apartment a year later. Therefore, the warrant on its face lacks probable cause to assert the occupants of this apartment 2 years later, are in any way related to fraudulent procurement of the apartment by an unknown individual online.

### B. The warrant is deficient to establish probable cause as it relates to Collin Edwards.

Paragraph 10 of the Affidavit states, "COLLIN JAMES EDWARDS… identified in connection with an ongoing narcotic trafficking investigation…" fails to provide any underlying facts on how Mr. Edwards is believed to be connected to an ongoing narcotic trafficking investigation. A judge's decision to issue a search warrant, moreover, may not be "a mere ratification of the bare conclusions of others." Gates, 462U.S. at 239. The government attempts to use the mere ratification of the bare conclusions of others as a basis for probable cause to connect Mr. Edwards to the above-mentioned apartment. The government suggests that since someone identified Mr. Edwards in an ongoing drug trafficking investigation that he also procured an apartment through wire fraud even though the facts used to establish probable cause were either false or conclusory. All relevant caselaw provides a search warrant is void when probable cause is based on conclusions, unparticularized statements, and false facts.

The government fails to highlight a nexus between any illegal activity on the part of Mr. Edwards or the procurement of the above-mentioned apartment. Thereby rendering the Affidavit absent the requisite probable cause to substantiate the search. As a result, the search warrant should not have been issued and the tangible evidence recovered from the address should be suppressed.

### III. Officers lacked probable cause and exceeded the scope of the Search Warrant when the executing officers searched Collin Edwards on March 29, 2022.

On March 25, 2022, a United States' Magistrate Judge issued a search warrant for 1346 4th Street, S.E., Apt 508, Washington, D.C. On March 29, 2022, officers executed a search of the apartment pursuant to the issued search warrant. The affidavit supporting the search warrant of the apartment merely relied on albeit false, inaccurate, and conclusory statements, and suspicions for a finding of probable cause. However, none of the statements in the Affidavit supported a search of Collin Edwards. Consequently, the issued Search Warrant did not support a search of Collin Edwards, the Search Warrant simply permitted a search of the apartment. The executing officers exceeded the scope of the Search Warrant when they decided to search Mr. Edwards.

The Warrant Clause of the Fourth Amendment commands that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV. "These words are precise and clear." Stanford v. Texas, U.S. 476, 481 (1965). The Search Warrant Application attached as Exhibit 2 provides a detailed description of the location to be searched and the items to be seized no where in either of these detailed descriptions does the government include a search of Mr. Edwards. The government provides a description of the apartment unit to be

searched and the items to be seized once inside the apartment unit however, no particular facts are used to describe Mr. Edwards as a person to be searched or seized. The government, in overzealous pursuit of prosecution based upon suspicions and misstatements also decided to offended the Fourth Amendment even further by executing a search on private citizen without a warrant or probable cause to do so. The government simply exceeded the bounds of the Search Warrant for the above-mentioned apartment when the officers also searched Mr. Edwards.

## CONCLUSION

**WHEREFORE**, Mr. Edwards respectfully moves this Honorable Court for an order suppressing from use as evidence against the Defendant in this or any other proceeding the evidence seized pursuant to the Search Warrant. The Defendant further prays that this Honorable Court enter an order excluding any evidence obtained as a consequence of the illegal search and seizure executed on March 29, 2022. The Defendant requests a hearing on this matter.

Date: September 26, 2023

COLLIN EDWARDS<br>By Counsel

 /s/ Andrew O. Clarke
Andrew O. Clarke, Esquire
DC BAR NO # 1032649
ANDREW CLARKE LAW, PLLC
163 Waterfront Street, Suite 440
National Harbor, MD 20745
WASHINGTON, DC, 20006
T: (202)780-9144
F: (202)747-5827
a.clarke@aclarkelaw.com
*Counsel for Collin Edwards*

## CERTIFICATE OF SERVICE

    I hereby certify that on September 26, 2023 a true copy of the foregoing was served via ECF on Matthew Graves, United States Attorney, 555 4th Street, NW, Washington DC 20001.

                                                         /s/ Andrew O. Clarke
                                                         Andrew O. Clarke, Esquire