IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 1:22-cr-00310-APM-1 |
| ) | |
| ) | Judge: Honorable Judge Amit Mehta |
| COLLIN EDWARDS, et. al ) | |
| ) | Next Event: Sentencing |
| ) | May 8, 2024 at 10AM |
| Defendant. ) | |
| ) | |

**SENTENCING MEMORANDUM FOR COLLIN EDWARDS**

Through Counsel, Collin Edwards files the following Sentencing Memorandum setting forth all factors that the Court should consider in determining what type and length of sentence is sufficient, but not greater than necessary, to comply with the statutory directives pursuant to 18 U.S.C. §3553(a).

I. **THE SENTENCING GUIDELINES ARE ADVISORY**

On January 12, 2005, the Supreme Court ruled that its Sixth Amendment holding in Blakely v. Washington, 124 S. Ct. 2531 (2004) and Apprendi v. New Jersey, 530 U.S. 466 (2000) applies to the Federal Sentencing Guidelines (hereinafter the "Guidelines"). United States v. Booker, 125 S. Ct. 738, 756 (2005). Given the mandatory nature of the Guidelines, the Court found no relevant distinction between the sentence imposed pursuant to the Washington statutes in Blakely and the sentences imposed pursuant to the Guidelines in the cases before the Court. Id. at 751.

The Court further found those provisions of the federal Sentencing Reform Act of 1984 that make the Guidelines mandatory, 18 U.S.C. §3553(b)(1) or which rely upon the Guidelines mandatory nature, 18 U.S.C. §3742(e), incompatible with its Sixth Amendment holding.

1

Booker, 125 S. Ct. at 756. Accordingly, the Court severed and excised those provisions, making the Guidelines effectively advisory. Id. at 757.

Instead of being bound by the Guidelines, the Sentencing Reform Act, as revised by Booker, requires a sentencing court to consider Guidelines ranges, see 18 U.S.C.A. §3553(a)(4) (Supp.2004), but it permits the court to tailor the sentence in light of other statutory concerns as well. See, §3553(a); Booker, 125 S. Ct. at 757.

Thus, under Booker, sentencing courts must treat the guidelines as just one of a number of sentencing factors set forth in 18 U.S.C. §3553(a). The primary directive in §3553(a) is for sentencing courts to impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph two of 18 USC §3553(a)(2).

In determining the minimally sufficient sentence, §3553(a) further directs sentencing courts to consider four factors, (1) The nature and circumstances of the offense and the history and characteristics of the defendant; (2) The kinds of sentences available; (3) The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (4) the need to provide restitution to any victims of the offense. Those factors are discussed in further detail below.

Other statutory sections also give the District Court direction in sentencing. Under 18 U.S.C. §3582, the judge is required to "recogniz[e] that imprisonment is not an appropriate means of promoting correction and rehabilitation."

Under 18 U.S.C. §3661, "no limitation shall be placed on the information concerning the background, character, and conduct of [the defendant] which a court of the United States may receive and consider for the purpose of imposing an appropriate sentence" (*emphasis added*). This statutory language certainly overrides the (now-advisory) policy statements in Part H of the Guidelines, which list as "not ordinarily relevant" to sentencing a variety of factors such as the

Case 1:22-cr-00310-APM   Document 231   Filed 05/02/24   Page 3 of 7

defendant's age, educational and vocational skills, mental and emotional conditions, drug or alcohol dependence, and lack of guidance as a youth. See U.S.S.G. §5H1.

The Supreme Court, in <u>Beckles v. United States</u>, 137 S. Ct. 886, 894 (2017), emphasized that the Guidelines "merely guide the district courts' discretion," and "do not constrain th[at] discretion[.]". The Guidelines simply "advise sentencing courts how to exercise their discretion within the bounds established by Congress." *Id.* at 895.

This Court has ample discretion to impose a sentence that is lower than recommended by the Guidelines for the defendants. In fact, the Government and Probation and Parole both agree that the court should sentence Mr. Edwards below the guidelines. After fulfilling the procedural requirements, including calculating the guideline sentence, the Court can and should apply the statutory factors to sentence Mr. Edwards below the Guidelines in this case.

II. **APPLICATION OF THE STATUTORY SENTENCING FACTORS TO THE FACTS OF THIS CASE**

In the present case, the following factors must be considered when determining what type and length of sentence is sufficient, but not greater than necessary, to satisfy the purposes of sentencing:

1. **The Nature and Circumstances of the Offense and the History and Characteristics of the Offender.**

(a) <u>Nature and Circumstances of Offense</u>

This offense was non-violent offense as categized in 18 U.S.C. §16. On August 30, 2019, Mr. Edwards was convicted of Conspiracy to Distribute and Possess with Intent to Distribute 400 Grams or more of a Mixture and Substance Containing a Detectable Amount of Fentanyl and one Count of Aggravated Identity Theft. Mr. Edwards accepts his role in this conspiracy. Defense is looking for equality in the sentencing:

3

- On June 23, 2023 Co Defendant Chase Cole, who pled to Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or more of a Mixture and Substance Containing a Detectable Amount of Fentanyl, was sentenced to Twelve Months of Supervision served on home detention

- On October 13, 2023 Co Defendant Garnell Lucas, who pled to Conspiracy to Distribute and Possess with Intent to Distribute 400 or More Grams of a Mixture and Substance Containing a Detectable Amount of Fentanyl and a Mixture and Substance Containing a Detectable amount of Cocaine, was sentenced to Seventy-Two Months of incarceration and sixty months of supervised release.

- On December 15, 2023 Co Defendant Tyron Waters, who pled to Conspiracy to Distribute and Possess with Intent to Distribute 40 or More Grams of a Mixture and Substance Containing a Detectable Amount of Fentanyl and a Mixture and Substance Containing a Detectable amount of Cocaine and Conspiracy to Commit Wire Fraud, was sentenced to 70 months of incarceration to be served and 48 months of supervision concurrently on each count.

- On January 12, 2024, Co Defendant Laura Garvin , who pled to Conspiracy to Distribute and Possess with Intent to Distribute 40 Grams or more of a Mixture and Substance Containing a Detectable Amount of Fentanyl, was sentenced to twelve months and one day of incarceration and forty-eight months.[1]

(b) History and Characteristics of Mr. Edwards

Mr. Edwards is a 29 year old male who has made bad decision in his young life. Mr. Edwards was given every opportunity to be successful with a positive upbringing and a great emotional support system. Unfortunately, Mr. Edwards turned to drug use and became a dealer.

Mr. Edwards is not irredeemable. Despite his addiction, he was able to function without detection from his family members. They did notice a change in his behaviors but did not realize that it was due to his addition. Mr. Edwards felt empowered by his ability to provide for himself and finally live a life of independence. This is a lifestyle trick that unfortunately lands too many African American men in jail. Mr. Edwards has a dream for a better life for himself post release. At the sentencing hearing, Mr. Edwards will be able to articulate to the Court why he chose this lifestyle and the plan he will work on while incarcerated to be successful at the end of his term of incarceration. This will give the Court absolute confidence that Mr. Edwards should be sentenced to the lowest possible jail time available for this offense.

Mr. Edwards has strong community support. Attached are letters from his community members Justin Shields, Kay Edwards, Kent Edwards, Kishawn Smith, Sharnera Williamson, Sheri Hairston, Terry Harper, Kindra Gaskin, Alicia Brown, Dwayne Bond and Jarami Bond. The common theme throughout the letters acknowledge that Mr. Edwards made an extremely poor choice of lifestyle. The letters also state the community centered character of Mr. Edwards. They all want to see Mr. Edwards back in the community. This level of support shows that Mr. Edwards has made also made a positive impact on society.

2. **The Need for the Sentence Imposed to Promote Certain Statutory Objectives.**

(a) <u>To reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense</u>.

Mr. Edwards understands the seriousness of his offense. At the sentencing in this matter, Mr. Edwards will allocate to the Court remorse for his actions. We ask the court to take into consideration that he did not act alone. He was not the manufacturer of the pills nor was he involved in the acquiring of the Fentanyl. The range of sentences already issued by this Court should guide the court in its decision making.

---

1 Co-Defendant Bilal Briggs's status of sentencing is unknown to Defense.

(b) <u>To afford adequate deterrence to criminal conduct.</u>

Mr. Edwards understands the Court's need to deter others from engaging in the same or similar conduct. We ask the court to take into consideration that he did not act alone. He was not the manufacturer of the pills nor was he involved in the acquiring of the Fentanyl. The range of sentences already issued by this Court should guide the court in its decision making.

(c) <u>To protect the public from further crimes of the defendant</u>.

Mr. Edwards does have a criminal history. Unfortunately, the more serious conviction is for Armed Robbery. Mr. Edwards, although not armed with a firearm, chose to accompany an individual who was armed with a firearm. Mr. Edwards took a plea to the offense prior to trial and the facts were not decided by a jury. The PSI confirms that Mr. Edwards was not armed at the time of the offense.

In addition, Mr. Edwards has the support of his community who have written letters in support of his ability to be rehabilitated. The Court will also hear from Mr. Edwards himself regarding his plans post-release from incarceration.

3. **<u>The Kinds of Sentences Available.</u>**

In Booker, the Supreme Court severed and excised 18 U.S.C. §3553(b), the portion of the federal sentencing statute that made it mandatory for courts to sentence within a particular range within the Guidelines. Booker, 125 S. Ct. at 756. This renders the Guidelines advisory. Id. Furthermore, the Pre Sentence Investigation Report recommends 12 years for Count I and 2 years for Count II. Considering Mr. Edwards co-defendants sentences and Mr. Edwards rehabilitative characteristics, a sentence at the bottom of the statutory provisions is warranted.

4. **<u>The Sentencing Range Established by the Sentencing Commission.</u>**

Mr. Edwards does understand the result reached by the Presentence Investigation Report was based on his background and the parameters of the guidelines. However, due to the

Guidelines deficiency in taking into account all factors of consideration, the Court should depart from the Guidelines as recommended by the Government.

### III.     SENTENCING BELOW THE GUIDELINES IS NECESSARY

After considering all of the evidence presented at the plea hearing, the facts and circumstances surrounding Mr. Edwards's involvement in this matter, the Sentencing Guidelines, the Presentence Investigation Report, and the Defendant's allocution at sentencing, the Court should fashion a sentence that would permit Mr. Edwards to have a productive life after incarceration.

### CONCLUSION

Weighing and considering all of the above, and for reasons further explained at a sentencing hearing in this matter, the Court should find that sentencing Mr. Edwards below the Guidelines is warranted and implore the Court to reach a sentence that is sufficient, but not greater than necessary, to comply with the statutory directives pursuant to 18 U.S.C. §3553(a).

COLLIN EDWARDS<br>
By Counsel

*/s/ Andrew O. Clarke*
Andrew O. Clarke, Esquire
DC BAR NO # 1032649
DISTRICT LEGAL GROUP, PLLC
163 Waterfront Street, Suite 440
T: (202)780-9144
E: aclarke@districtlegalgroup.com
*Counsel for Collin Edwards*

### CERTIFICATE OF SERVICE

I hereby certify that on May 2, 2024 a true copy of the foregoing was electronically filed and served on Kevin Rosenberg, Esq., United States Attorney, at 555 4th Street, NW, Washington DC 20001 via CM/ECF.

<em>/s/ Andrew O. Clarke</em><br>
Andrew O. Clarke, Esquire